UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROCHESTER MIDLAND
CORPORATION,

               Plaintiff,

      v.

CHARLES BORDERS, et al.,

               Defendants.

No. 2:26-cv-01776-TLN-CSK

**ORDER**

This matter is before the Court on Plaintiff Rochester Midland Corporation's ("Plaintiff") Application to Shorten Time to Hear the Motion to Modify the Preliminary Injunction. (ECF No. 17.) Defendants Charles Borders ("Borders") and Cherokee Chemical, Inc. ("CCI") (collectively, "Defendants") filed an opposition. (ECF No. 19.) For the reasons set forth below, the Court DENIES Plaintiff's application.

///

///

///

///

///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant action on May 11, 2026, alleging misappropriation of its trade secrets.  On June 2, 2026, this Court issued a preliminary injunction directing Borders and those acting in concert with him to refrain from accessing, using, disclosing, disseminating, copying, transmitting, or otherwise misappropriating any of Plaintiff's confidential, proprietary, or trade secret information.  (ECF No. 15.)  On June 4, 2026, Plaintiff filed a First Amended Complaint (ECF No. 16), a motion to modify the preliminary injunction (ECF No. 18), and the instant application to shorten time to hear the motion to modify the preliminary injunction (ECF No. 17).  Pursuant to Local Rule 230, the opposition to the motion to modify the preliminary injunction shall be filed and served no later than fourteen (14) days after the motion was filed, and the reply to any opposition shall be filed no later than ten (10) days after the opposition was filed.  E.D. Cal. L.R. 230(c)–(d).  Plaintiff seeks an order shortening this time frame to make Defendants' opposition due within five (5) days of the Court's order, and Plaintiff's reply due within three (3) days thereafter.  (ECF No. 17 at 5.)

## II.    STANDARD OF LAW

Local Rule 144 governs applications to shorten time.  Rule 144 provides, in relevant part:

> Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.  Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose calendar the matter is to be heard before such stipulations are given effect.  Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

E.D. Cal. L.R. 144(e).

## III.    ANALYSIS

Plaintiff argues good cause exists to shorten time to hear its motion to modify the preliminary injunction because newly developed evidence demonstrates irreparable harm is actively occurring and being carried out through coordinated conduct involving additional actors.

(ECF No. 17 at 4.)  Plaintiff contends these developments materially affect the effectiveness of the existing preliminary injunction and, without modification, the preliminary injunction risks becoming underinclusive.  (*Id.*)  Plaintiff maintains the regular schedule under Local Rule 230 would permit ongoing misuse of its trade secrets.  (*Id.* at 4–5.)  In opposition, Defendants assert Plaintiff already possesses the relief necessary to prevent the harm it identifies, as the conduct Plaintiff claims is presently occurring is already prohibited by the preliminary injunction.  (ECF No. 19 at 3–4.)  Defendants maintain shortening the time to hear the motion to modify the preliminary injunction would substantially prejudice them, as lead trial counsel is traveling internationally from June 7 through June 15, 2026, and Defendants' primary client contact has limited availability due to previously scheduled travel on June 9, 2026, and attendance at a conference on June 11 and 12, 2026.  (*Id.* at 4–5.)  Defendants note that prejudice is particularly acute because Plaintiff seeks relief against CCI, a newly-added defendant in the First Amended Complaint that has not previously participated in these proceedings.  (*Id.* at 5.)

The Court finds Plaintiff fails to comply with the mandate of Local Rule 144(e) requiring a satisfactory explanation for the failure of counsel to obtain a stipulation to shorten time by Defendants' counsel.  Plaintiff's counsel avers in his affidavit that he provided notice to counsel on June 4, 2026 at 10:59 a.m. that Plaintiff intended to file a motion to modify the preliminary injunction and the instant application.  (ECF No. 17-1 at 1.)  Plaintiff's counsel asked whether Defendants would be willing to stipulate to an expedited briefing schedule or if they would oppose such a schedule, and states that as of the filing of the application, Defendants had not responded or indicated their opposition.  (*Id.*)  Plaintiff then filed the instant application at 8:12 p.m. on June 4, 2026, and Defendants filed their opposition at 3:47 p.m. on June 5, 2026.  Defendants' counsel avers in a declaration that they attempted to avoid the instant application by twice requesting that Plaintiff stipulate to a reasonable briefing schedule but Plaintiffs' counsel insisted on a response date of June 12, 2026.  (ECF No. 19-1 at 3.)  Plaintiff therefore incorrectly represents there was no response.  Defendants' exhibit indicates the parties were in communication about a shortened time frame and Defendants explained why they could not file an opposition by June 12, 2026.  (ECF No. 19-1.)  In light of this communication, Plaintiff fails to

adequately explain why it was unable to obtain a stipulation.

The Court also finds particularly persuasive Defendants' argument that the injunction already applies to Borders and any persons acting in concert with him and already prohibits facilitating third-party access to Plaintiff's information.  (ECF No. 19 at 4.)  Lastly, the Court acknowledges that CCI is a newly-added defendant and agrees it should be given "a reasonable opportunity to review the allegations, investigate the underlying facts, collect relevant documents, and prepare declarations responsive to Plaintiff's contentions."  (*Id.* at 5.)

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's application to shorten time to hear the motion to modify the preliminary injunction.  (ECF No. 17.)  Pursuant to Local Rule 230, the opposition to the motion to modify the preliminary injunction shall be filed and served no later than fourteen (14) days after the motion was filed, and the reply to any opposition shall be filed no later than ten (10) days after the opposition was filed.  E.D. Cal. L.R. 230(c)–(d).

IT IS SO ORDERED.

Date: June 12, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE